UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SEQUOIA FINANCIAL**
**SOLUTIONS, INC.,**

    **Plaintiff,**

v.                                                        **Case No: 8:12-cv-2453-T-35AAS**

**SYLVIA L. WARREN, et al.,**

    **Defendants.**
_____/

## ORDER

Before the court is Defendants Sylvia Warren and Donald Warren, Sr.'s Motion for Sanctions and to Compel Plaintiff's Attendance at its Own Deposition (Doc. 160), Plaintiff Sequoia Financial Solutions, Inc.'s Response to the Motion to Compel of the Warren Defendants (Doc. 164), and Defendants' Reply to Plaintiff's Response to the Motion for Sanctions (Doc. 169).

**I.   BACKGROUND**

On May 19, 2014, the Court dismissed the above-styled case. (Doc. 112). On January 28, 2015, the Court granted Defendants' Motion for Attorney's Fees and Costs incurred a result of this action. (Doc. 130). Plaintiff appealed the award of attorney's fees and costs, *inter alia,* to the Eleventh Circuit Court of Appeals. (Doc. 150).

On August 17, 2016, the Eleventh Circuit rendered an opinion and judgment affirming all appealed orders, including the award of attorney's fees and costs. (Doc. 158). On September 1, 2016, appellate costs were taxed against Plaintiff by the Clerk of the Eleventh Circuit in the amount

1

of $80.40. (Doc. 159). In addition, the Eleventh Circuit also entered an award for appellate attorney's fees in the amount of $11,427.00. (Doc. 160, p. 2).

On November 25, 2016, Defendants filed the instant Motion for Sanctions and to Compel Plaintiff's Attendance at its Own Deposition, asserting that on November 16, 2016, Plaintiff's corporate representative and records custodian, failed to appear for their scheduled depositions in aid of execution of Defendants' award of attorney's fees and costs. (Doc. 160). On December 17, 2016,[1] Plaintiff filed a Response in Opposition to Defendants' Motion, arguing that the depositions at issue were unilaterally set and leave to depose these witnesses should have been sought. (Doc. 164). In addition, Plaintiff contends that Defendants did not confer with opposing counsel prior to filing their Motion, in violation of Local Rule 3.01(g), M.D. Fla., as well as Federal Rule of Civil Procedure 37. (*Id.*). On December 21, 2016, Defendants filed a Motion for Leave to File a Reply, stating that counsel "attempted to contact the attorney of record for [Plaintiff] twice by telephone and once by email (with no response whatsoever)." (Doc. 165, p. 2).

On December 22, 2016, the Court entered an Order directing the parties to confer regarding the pending motions and file a certificate of compliance. (Doc. 166). Specifically, the Court reminded both parties of the requirement to respond promptly to inquiries and communications from opposing counsel. (*Id.* at p. 2). On December 30, 2016, Defendants filed a certification outlining the numerous attempts made to confer with Plaintiff's counsel regarding the motions. (Doc. 167). It appears from Defendants' certification that counsel made numerous reasonable

---

[1] The Court granted Plaintiff an extension of time in which to respond to Defendants' Motion. (Docs. 162, 163).

efforts to contact Plaintiff's counsel, who failed to cooperate with these attempts. (*Id.*). Plaintiff has not disputed this claim.

On January 4, 2017, the undersigned granted Defendants' request for leave to file a reply. (Doc. 168). On January 11, 2017, Defendants filed a reply, reiterating their position that the undersigned should enter an Order compelling Plaintiff's corporate representative to attend a deposition in aid of execution and for sanctions.[2] (Doc. 169).

Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

"[Federal] courts have always had jurisdiction to enforce their judgments." *Heape v. Flanagan,* No. 607CV012, 2008 WL 2439736, at *6 (S.D. Ga. June 9, 2008); *see also Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 n. 9 (11th Cir. 1983) ("Ancillary jurisdiction may be properly exercised to protect a judgment of a court through enforcement"). Rule 69 of the Federal Rules of Civil Procedure, provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). "Rule 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment." *In re Clerici,* 481 F.3d 1324, 1336 (11th Cir. 2007); *see also First Federal Sav. & Loan Ass'n v. Fisher,* 422 F. Supp. 1 (N.D. Ga. 1976) ("In absence of determination by trial court

---

[2] On January 25, 2017, Plaintiff's previous counsel, Mr. Paul G. Wersant, withdrew as counsel of record and was substituted by attorney Aaron B. Thalwitzer. (Docs. 171, 172).

that judgment has been satisfied, plaintiff is entitled, as matter of law, to executions on judgment and discovery pursuant to Rule 69").

Here, Defendants are entitled to discovery in aid of execution of the award of attorney's fees and costs incurred as a result of this action. (Doc. 130). In addition, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Therefore, Defendants are entitled to expenses incurred as a result of bringing the instant Motion, unless special circumstances exist that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

Plaintiff contends that the subject Notices of Deposition, requesting the depositions of Plaintiff's corporate representatives, were not received because they were sent to the wrong address. (Doc. 164, pp. 2-3). However, the Notices of Deposition certify in the certificates of service that they were served on Paul G. Wersant, Esq., 6340 Sugarloaf Parkway Suite 200, Duluth, Georgia 30097-4329, via First-class, U.S. Mail and e-mail (pgwersant@sequoiafinancialsolutions.com). (Doc. 160, pp. 6 & 9). This is the same physical and email address listed on Plaintiff's counsel signature block on the response in opposition to the instant motion. (Doc. 164, p. 6). In addition, the Notices of Deposition were served on October 13, 2016, for oral depositions scheduled on November 16, 2016.[3] Thus, the undersigned finds no

---

[3] As stated in the undersigned's prior order, the Court will not tolerate the practice of unilaterally setting depositions. (Doc. 166, p. 2). However, considering Plaintiff's counsel's continuous failure to respond to opposing counsel, the Court finds an award of fees is still warranted.

special circumstances that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).[4]

## III. CONCLUSION

Accordingly, Defendants are entitled to take the depositions of Plaintiff's corporate representative and records custodian. Therefore, unless otherwise agreed to by the parties, the parties shall confer within seven (7) days of this Order to schedule and properly notice the depositions on a mutually convenient date. Further, within fourteen (14) days of this Order, the parties shall confer in a good-faith effort to stipulate to the reasonable fees and costs incurred by Defendants in filing the instant motion to compel.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) Motion for Sanctions and to Compel Plaintiff's Attendance at its Own Deposition (Doc. 160) is **GRANTED**.

(2) Unless otherwise agreed to by the parties, the parties shall confer within **seven (7) days** of this Order to schedule and properly notice the depositions at issues.

(3) Within **fourteen (14) days** of this Order, the parties shall confer in a good-faith effort to stipulate to the reasonable fees and costs incurred by Defendants in filing the instant motion to compel.

---

[4] The Court would be remiss if it did not note Defendants' contention that "[b]ecause the nature of the discovery violation committed by [Plaintiff]—that is, failure to attend its own deposition—[Defendants' counsel] nor [Defendants] had an obligation to confer with [Plaintiff]'s counsel prior to filing said motion." (Doc. 169, p. 4). This statement is incorrect. *See* Rule 3.01(g), M.D. Fla., Local Rule 3.01(g), Middle District of Florida, provides, in pertinent part: "Before *filing any motion in a civil case*, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion …" (emphasis added). In any event, Defendants have since made numerous diligent efforts to confer with opposing counsel, to no avail. (Doc. 167).

(4)     If the parties are unable to stipulate to the reasonable fees and costs incurred by Defendants in filing the motion to compel, then, within **twenty-one (21) days** of this Order, Defendants may file a motion for attorneys' fees and costs, including affidavits and supporting materials verifying the reasonable fees and costs incurred in filing the motion to compel.

**DONE AND ORDERED** in Tampa, Florida this 2nd day of February, 2017.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

6